# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE SANCHEZ,<br><br>             Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY<br>ADMINISTRATION,<br><br>             Defendant. | Case No. CV 13-6168 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Catherine Sanchez ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying her application for disability benefits. Specifically, Plaintiff contends that the decision of the Administrative Law Judge ("ALJ") was not supported by substantial evidence because it did not account for the medical evidence presented to the Appeals Council after the issuance of the ALJ's decision. (*See* Joint Stip. at 3-5, 8-9.) The Court agrees with Plaintiff for the reasons stated below.

A.   The District Court Must Consider the Record as a Whole, Including Newly Admitted Evidence

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's final decision to determine if: (1) the Commissioner's findings are supported by substantial evidence, and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Moreover, when the Appeals Council "considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011). When the Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner, and the district court reviews that decision for substantial evidence based on the record as a whole. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012).

B.   The ALJ's Decision Was Not Supported by Substantial Evidence

In this case, the ALJ found that Plaintiff was not disabled based upon the medical record as it existed at the time of the hearing. In particular, the ALJ did not explicitly accept any treating or examining opinions, but gave "some probative weight" to evaluations from the medical consultants, Drs. Jonathan Norcross and E. Jakab. (*See* AR at 17, 296-303, 308). However, these non-treating, non-examining

opinions do not constitute substantial evidence here. *Erickson v. Shalala*, 9 F.3d 813, 818 n.7 (9th Cir. 1993) ("the non-examining physicians' conclusion, *with nothing more*, does not constitute substantial evidence[]") (citation omitted); *see Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (physician's "views carried only minimal evidentiary weight" where in the form of a checklist and lacking supportive objective evidence).

Here, neither Dr. Norcross nor Dr. Jakab treated, examined, or even met Plaintiff. Dr. Norcross submitted his conclusions in checklist form, with no supporting evidence. (*See* AR at 296-308); *Batson*, 359 F.3d at 1195. Further, Dr. Norcross checked the box indicating that he did not review any "medical source statements regarding [Plaintiff's] physical capacities[,]" in spite of the fact that her file contains several. (*Compare id.* at 302 (Dr. Norcross' checklist form), *with id.* at 239, 318, 404 (statements from two treating physician's discussing Plaintiff's physical limitations)). Moreover, Dr. Norcross did not receive records concerning the recurrence of Plaintiff's incisional hernia or x-rays showing degenerative changes, including disc space narrowing and osteophytes, in her back and neck. (*See id.* at 308, 406-21.)

Dr. Jakab, for his part, did not provide any function-by-function analysis. (*Id.* at 308); *see Erickson*, 9 F.3d at 818 n.7. He merely submitted a one-line opinion that "there is no medical evidence that supports a more restrictive RFC than light." (*Id.*) Like Dr. Norcross, Dr. Jakab was unaware that Plaintiff suffered a recurrent hernia, nor was he privy to the x-rays of Plaintiff's back and neck. (*Id.*) As such, the ALJ's reliance on the opinions of Drs. Norcross and Jakab was improper.

More vital to the outcome of Plaintiff's disability determination, however, are the records submitted to the Appeals Council following the ALJ's decision. (*Id.* at 404-20); *Taylor*, 659 F.3d at 1232 (the Court shall consider such evidence in deciding whether the ALJ's decision was supported by substantial evidence). In

light of Plaintiff's recurrent incisional hernia, treating physician Dr. Eisenkop imposed a new set of strict limitations.[1/] (*See* AR at 404.) Specifically, Plaintiff "can't sit, stand or walk for long periods of time, can't lift at all!" (*Id.*) Indeed, Plaintiff testified that her hernia returned while lifting a load of laundry. (*Id.* at 41.) The ALJ, for his part, acknowledged that he could see Plaintiff's protruding hernia at her hearing. (*Id.* at 42.) Presumably, then, a light RFC, requiring Plaintiff to lift ten pounds frequently and twenty pounds occasionally, would put her at risk of recurrence. (*See id.* at 15-17.) Moreover, the ALJ's RFC directly contradicts the opinion of Plaintiff's treating physician. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (ALJ "may not reject [treating] opinion without providing specific and legitimate reasons supported by substantial evidence in the record" (internal quotation marks and citation omitted).

Because the ALJ's decision did not consider this new evidence, the Court finds that the decision denying benefits was not supported by substantial evidence.

C.     Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.

---

[1/]   Dr. Eisenkop's strict limitations appear reasonable in light of medical findings that "[a]fter repair of recurrent incisional hernias, recurrence rates of up to 48 percent have been reported." Roland W. Luijendijk et al., *A Comparison of Suture Repair with Mesh Repair for Incisional Hernia*, New Eng. J. Med. 2000 Aug. 10; 343(6): 392-8, 2000 WLNR 20646 (loaded Aug. 20, 2013).

4

*See id.* at 594.

Here, the ALJ must be given an opportunity to consider Plaintiff's claim in light of the newly presented evidence. Therefore, on remand, the ALJ shall reevaluate Plaintiff's application in light of the medical evidence as a whole, including the evidence newly submitted to the Appeals Council.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.[2]

Dated: **April 11, 2014**

_____

Hon. Jay C. Gandhi
United States Magistrate Judge

---

[2] In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contentions. (*See* Joint Stip. at 7-11, 23-29, 35-40.)